UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Olson,<br><br>Plaintiff,<br><br>v.<br><br>Credence Resource Management, LLC,<br><br>Defendant. | Case No. 0:18-cv-02674<br><br><br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Maria Olson (hereinafter "Plaintiff") is a natural person who resides in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Credence Resource Management, LLC (hereinafter "Defendant") is a collection agency and foreign company operating from an address located at 17000 Dallas Parkway, Suite 204, Dallas, Texas 75248, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## FACTUAL ALLEGATIONS

8. Defendant alleges that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an alleged balance for services with DIRECTV.

9. This debt was consigned, placed or otherwise transferred by DIRECTV to Defendant for collection from Plaintiff.

10. On or around July 6, 2018, Defendant sent a collection letter to Plaintiff that demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant's July 6, 2018, collection letter provided, in pertinent part, the following account details:

    Name:                    Maria Olson
    Creditor:                DIRECTV LLC
    Creditor Account No:     22686180
    Credence Reference ID:   244226588
    Balance:                 $211.12

12. Defendant's July 6, 2018, collection letter continued by stating, in relevant part, the following:

    > The amount referenced above has been placed with Credence Resource Management LLC for collection. In an effort to resolve this matter, our client has authorized our office to accept a payment in the amount of $137.23 to resolve your account for less than the full amount owed. This is a savings to you of $73.89. We are not obligated to renew this offer.
    >
    > If you wish to pay the total due, or take advantage of this offer, remit your check, money order or cashier's check to Credence Resource Management, LLC PO Box 1253 Southgate, MI 48195-0253.

13. In response to Defendant's July 6, 2018, collection letter, Plaintiff sent Defendant a letter regarding this alleged debt.

14. On July 17, 2018, Plaintiff sent Defendant a letter notifying Defendant that she was refusing to pay this debt.

15. Plaintiff's written refusal to pay acted as a request for Defendant to cease further communication with her pursuant to 15 U.S.C. § 1692c(c).

16. Specifically, Plaintiff's written refusal to pay stated: "I disagree that I owe this bill and am refusing to pay it. Sincerely, Maria Olson."

17. Plaintiff's written refusal to pay was delivered to Defendant via US Certified Mail on July 23, 2018.

*Illegal Attempts to Collect This Debt After Plaintiff's Written Refusal to Pay*

18. On or around August 2, 2018, Defendant sent Plaintiff a letter acknowledging that it received Plaintiff's refusal-to-pay letter.

19. Nevertheless, on or around August 10, 2018, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Defendant's August 10, 2018, collection letter related to the same alleged DIRECTV debt with account number 22686180.

21. Defendant's August 10, 2018, collection letter also demanded payment in the amount of $211.12 and stated, in relevant part, the following:

> Our office is in receipt of your request to verify the above referenced account. We notified DIRECTV, LLC and they

> prepared the enclosed response to your request.
>
> If you have any questions or require any additional information, please do not hesitate to contact our office at the number listed above.
>
> Sincerely,
> Credence Resource Management LLC

22. Despite the fact that Plaintiff did *not* make a request to "verify the above referenced account," Defendant's August 10, 2018, collection letter was enclosed with a letter from the DIRECTV "collection department" that stated, in relevant part, the following:

    > We have reviewed all charges, payments, and credits appearing on your account and consider the balance to be accurate. For more information regarding the terms and conditions of your account refer to the DIRECTV Customer Agreement at directv.com/agreement.
    >
    > Please remit the balance due in the amount of $211.12 to the following address to avoid further collection action.

23. Notably, despite having received Plaintiff's written refusal to pay, Defendant's August 10, 2018, collection letter demanded payment from Plaintiff for this same debt after Plaintiff specifically stated, in writing, that she refused to pay this alleged debt.

24. Moreover, Defendant, through its creditor-client, threatened "further collection action" if Plaintiff did not pay the alleged balance.

25. Defendant's August 10, 2018, collection letter did not advise Plaintiff that

Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified remedies.

26. Rather, Defendant ignored Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

27. Plaintiff clearly stated that she was refusing to pay this debt, pursuant to her right under 15 U.S.C. § 1692c(c).

28. Defendant's failure to cease communication with Plaintiff, after it received Plaintiff's written refusal to pay, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

29. Again, on or around August 14, 2018, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. Defendant's August 14, 2018, collection letter again related to the same DIRECTV debt with account number 22686180.

31. Defendant's August 14, 2018, collection letter also demanded payment in the amount of $211.12 and stated, in relevant part, the following:

> Our office is in receipt of your request to verify the above referenced account. Enclosed is the account summary in response to your request.

> If you have any questions or require any additional information, please do not hesitate to contact our office at the number listed above.
>
> Sincerely,
> Credence Resource Management LLC

32. Again, despite the fact that Plaintiff did not make a request to "verify the above referenced account," Defendant's August 14, 2018, collection letter was enclosed with a billing statement from DIRECTV showing a "Past Due" amount of $211.12 and demanding payment.

33. Defendant received Plaintiff's written refusal to pay this debt on July 23, 2018, but responded by sending two collection letters demanding payment from Plaintiff for this same debt.

34. Like the collection letter before it, Defendant's August 14, 2018, collection letter did not advise Plaintiff that Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified remedies.

35. Rather, Defendant continued to ignore Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

36. Defendant's repeated failure to cease communication with Plaintiff, after it received Plaintiff's written refusal to pay, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

37. Defendant's continued collection of this debt by collection letter, after

receiving Plaintiff's written refusal to pay, also deceived and misled Plaintiff to believe that Defendant still had the right to contact Plaintiff and take "further collection action" in an effort to collect this debt, in further violation of the FDCPA.

38. The above-described collection communications from Defendant were deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

### *Summary*

39. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, after Plaintiff specifically stated, in writing, that she refused to pay this alleged debt, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

40. These violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

41. The FDCPA provides Plaintiff with legally-protected consumer rights to

prevent Plaintiff from being abused or treated unfairly by debt collectors.

42. Defendant's continued collection of this debt after receiving Plaintiff's written refusal to pay, and its deception with regard to its ability to continue to collect this debt, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to her legally-protected consumer rights to cease these communications and to be treated fairly, and which affected and frustrated Plaintiff's ability to intelligently respond to Defendant's continued collection efforts.

43. Plaintiff suffered concrete and particularized harm because her legally-protected consumer rights under the FDCPA were violated by Defendant when it continued to contact her after receiving her written refusal to pay.

44. Plaintiff has suffered actual damages as a result of Defendant's illegal collection communications in the form of anger, confusion, frustration, and annoyance, amongst other negative emotions, in addition to her lost time.

### *Respondeat Superior Liability*

45. The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

46. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, these individuals and the other debt collectors were motivated to benefit their principal, Defendant.

48. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

### CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited

to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

52. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: September 11, 2018    By: s/ Patrick J. Helwig

-12-

                              Patrick J. Helwig, Esq.
                              Attorney I.D. # 0391787
                              2701 University Ave. SE, Suite 209
                              Minneapolis, Minnesota 55414-3236
                              Telephone:  (612) 379-8800
                              Facsimile: (612) 379-8810
                              phelwig@lawpoint.com
                              ***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Maria Olson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____9_____ __11__, __2018__
                    Month         Day        Year

_____[signature]_____
Signature